# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-OP1, MORTGAGE PASS-THROUGH CERTIFICATES, 2006-OP1, | § § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 4:16-cv-00442-O-BP |
| LONNIE TAYLOR, et al., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Wells Fargo's Second Amended Motion for Interlocutory Default Judgment Against Named Defendants (ECF No. 54), filed November 21, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 3, 2017. ECF No. 24. The defendants who are the subject of the motion have not responded or otherwise appeared in this matter. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Second Amended Motion for Interlocutory Default Judgment Against Named Defendants.

I.  **BACKGROUND**

   A.  **Factual Background**

Plaintiff Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-OP1, Mortgage Pass-through Certificates, Series 2006-OP1 ("Wells Fargo") filed its Original Complaint on June 9, 2016, against Lona L. Taylor, Tom Taylor, and the

Unknown Heirs at Law of Jacqueline O. Gibbs ("Ms. Gibbs"). ECF No. 1. On December 2, 2016, Wells Fargo filed its First Amended Complaint ("Complaint") against Lonnie Taylor, Calvin Taylor, Sheila Taylor, Robbin Taylor, Clarissa Taylor, Latrissia Taylor, Thomas Taylor, the Unknown Heirs at Law of Tom Taylor, and the Unknown Heirs at Law of Ms. Gibbs ("Defendants"), seeking to foreclosure on the real property located at 5706 Spyglass Hill Drive, Arlington, Texas, and more particularly described as follows:

> LOT 13, BLOCK 7, NORTHBROOK, PHASE III, AN ADDITION TO THE CITY OF ARLINGTON, TARRANT COUNTY, TEXAS ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 388-194, PAGE 40, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS (the "Property").

ECF No. 15 at 3.

In the Amended Complaint, Wells Fargo alleges that Ms. Gibbs executed a *Texas Home Equity Security Instrument* ("Security Instrument") and *Texas Home Equity Note* in the principal amount of $84,000 ("Note") (collectively "Loan Agreement"), granting Mac & Walters, its successors and assigns, a security interest in the Property. ECF No. 15 at 6. Wells Fargo alleges that it is the current holder of the Note and beneficiary of the Security Instrument on a loan secured by the Property, executed by Ms. Gibbs. *Id.* Wells Fargo alleges that the Defendants have not made payments since July 1, 2015, and thus all subsequent monthly payments are due. *Id.* According to Wells Fargo, Ms. Gibbs died on or about March 4, 2005, no probate was opened for her estate, and upon her death, her heirs acquired her interest in the Property subject to the debt owed to Wells Fargo. *Id.* The Defendants are the alleged heirs of Ms. Gibbs. ECF No. 15-1.

### B. Procedural Background

Defendant Lonnie Taylor, a/k/a Lona L. Taylor, was served with process on June 15, 2016. ECF No. 7. Ms. Taylor failed to file a responsive pleading, and Wells Fargo filed its Request for

Entry of Default by the Clerk on September 21, 2016. ECF No. 9. The Clerk entered default as to Ms. Taylor on September 22, 2016. ECF No. 10.

Wells Fargo filed its First Amended Complaint on December 2, 2016, and the remaining individual Defendants were served with process as follows: Sheila Taylor, a/k/a Shelia Taylor, Clarissa Taylor, and Latrissia Taylor, a/k/a Latreasa Taylor, December 13, 2016 (ECF No. 22); Robbin Taylor, May 12, 2017 (ECF No. 35); Calvin Taylor, May 31, 2017 (ECF No. 34); and Thomas Taylor, May 30, 2017 (ECF No. 39). Because those Defendants did not file a responsive pleading within the time provided by law, Wells Fargo requested that the Clerk enter default against all of them except for Latrissia Taylor, a/k/a Latreasa Taylor on September 19, 2017. ECF No. 43. The Clerk duly entered default as to those Defendants on that same day. ECF No. 44. On November 2, 2017, Wells Fargo requested that the Clerk enter default against Defendant Latrissia Taylor, a/k/a Latreasa Taylor, which the Clerk did on November 6, 2017. ECF No. 49.

Wells Fargo completed service by publication on the Unknown Heirs of Ms. Gibbs and the Unknown Heirs of Tom Taylor in accordance with Federal Rule of Civil Procedure 4(e)(1) by publication in *The Daily Commercial Record*, a newspaper of general circulation in Tarrant County, Texas. ECF Nos. 40, 41. On September 21, 2016, Wells Fargo filed a Motion for Appointment of Attorney Ad Litem to attempt to locate and, if needed, to represent the Unknown Heirs of Ms. Gibbs. ECF No. 8. The Court appointed Victoria Ryon as attorney ad litem on October 5, 2016. ECF No. 11.

Ms. Ryon filed a Notice of Attorney Appearance on behalf of the Unknown Heirs of Ms. Gibbs (ECF No. 12) and a Motion to Dismiss and a Motion for Clarification (ECF Nos. 14 and 19) that Judge O'Connor later denied (ECF No. 21 and 23). The other Defendants have made no appearance in this action and did not answer or otherwise respond to Wells Fargo's Complaint or

First Amended Complaint, as may apply to the particular Defendant, or seek an extension of time to respond.

On October 5, 2017, Wells Fargo filed a Motion for Default Judgment against Calvin Taylor, Clarissa Taylor, Robbin Taylor, Sheila Taylor, and Thomas Taylor. ECF No. 45. On November 6, 2017, Wells Fargo filed an Amended Motion for Default Judgment against Calvin Taylor, Clarissa Taylor, Latrissia Taylor, Lonnie Taylor, Robbin Taylor, Sheila Taylor, and Thomas Taylor. ECF No. 50. On November 21, 2017, Wells Fargo filed its Second Amended Motion for Interlocutory Default Judgment against Defendants Lonnie Taylor, Calvin Taylor, Sheila Taylor a/k/a Shelia Taylor, Robbin Taylor, Clarissa Taylor, Thomas Taylor, and Latrissia Taylor a/k/a Latreasa Taylor ("the Named Defendants"). ECF No. 54. In its motion, Wells Fargo does not seek entry of judgment against the Unknown Heirs of Ms. Gibbs or the Unknown Heirs of Tom Taylor

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Rule 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). The clerk must enter the party's default when it is established by affidavit or otherwise. *Id.* A plaintiff must then apply for a default judgment. *Id.* After the clerk enters default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). In order to obtain a default judgment, Wells Fargo must establish that (1) default was entered against the Named Defendants; (2) the Named Defendants are neither minors nor incompetent persons; (3)

Named Defendants are not in military service; and (4) the Named Defendants were provided with notice of the motion for default judgment. Fed. R. Civ. P. 55; 50 U.S.C. § 3931.

The Court determines whether entry of default judgment is procedurally appropriate by considering the following six non-exhaustive factors: (1) whether the default was caused by a good faith mistake or excusable neglect; (2) whether there has been substantial prejudice; (3) the harshness of a default judgment; (4) whether there are material issues of fact; (5) whether the grounds for a default judgment are clearly established; and (6) whether the Court would be obligated to set aside the default on the motion of a defaulting party. *Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The entry of a default judgment is within the court's discretion. *Id*. After finding that the circumstances warrant default judgment, the court considers the merits of the claims and whether there is a sufficient basis in the pleadings for the court to enter judgment by default. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. ANALYSIS

#### A. Procedural Requirements to Satisfy Default Judgment

Wells Fargo has satisfied the procedural requirements of Rule 55, as the Named Defendants were served according to law, but have failed to answer or otherwise respond within the time required, and the Clerk of the Court entered default against them. *See* ECF Nos. 10, 44, 49. Wells Fargo also has established that the Named Defendants are not minors, incompetent persons, or currently engaged in military service, which is required under Rule 55 and 50 U.S.C. § 3931. *See* ECF No 54-1. The *Lindsey* factors weigh in favor of granting default judgment, as there is no evidence before the Court showing disputed issues of material fact, substantial prejudice, a good faith mistake or excusable neglect, or any reason the Court would feel obliged to set aside a default judgment. *See Lindsey,* 161 F.3d at 893. Accordingly, the procedural requirements of Rule 55 have been satisfied such that the Court may consider entry of a default judgment.

**B. Sufficiency of the Pleadings**

Wells Fargo requests the Court to enter default judgment against the Named Defendants, granting a declaration that Wells Fargo's statutory probate lien against the Property should be enforced by foreclosure or public action—or alternatively, a judgment for judicial foreclosure—so that the Named Defendants are divested of all of Ms. Gibbs' right, title, and interest to the Property. ECF No. 54. Wells Fargo further prays that the Court issue a writ of possession against any occupant of the Property, removing Named Defendants from and awarding possession of the Property to Wells Fargo or any other purchaser at sale. *Id.*

Wells Fargo argues that it has a statutory probate lien against the Property under the Loan Agreement and Texas Estates Code §§ 101.001(b) and 101.051(b)(1), which provide that the decedent's estate and its debts immediately pass to the decedent's heirs at law. The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property. *See Potts v. W.Q. Richards Mem'l Hosp.,* 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ). Upon consideration of these factual allegations and statutory authority, Wells Fargo's request for declaration of its statutory probate lien should be granted.

Furthermore, Wells Fargo seeks to enforce its statutory probate lien in the Property through foreclosure or public auction under Texas Property Code § 51.002. ECF No. 15. Wells Fargo asserts that it is entitled to an order authorizing non-judicial foreclosure of the property and a judgment for judicial foreclosure. *Id.* Texas law requires a party to secure a court order to foreclose on a home equity loan. Tex. Const. art. XVI § 50(a)(6)(C). Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure "may also be foreclosed by judgment in an action for judicial foreclosure." Tex. R. Civ. P. 735.3.

Wells Fargo has produced a copy of the Security Instrument signed by Ms. Gibbs, which evidences that Wells Fargo is the current holder of the Note and has the right to enforce the Note and Deed of Trust. ECF No. 54-1 at 61. To foreclose under a security instrument with a power of sale, the lender need only demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x. 306 (5th Cir. 2014); Tex. Prop. Code § 51.002. Here, Wells Fargo's uncontested Complaint establishes that Ms. Gibbs, the Named Defendants' predecessor in interest, incurred a debt that has gone unpaid since July 1, 2015. Ms. Gibbs granted a lien to secure the debt, which was created under art. XVI, § 50(a)(6) of the Texas Constitution, the Named Defendants are in default under Texas Estates Code §§ 101.001(b) and 101.051(b)(1), and Wells Fargo mailed notices of default and requests to cure to the Named Defendants in accordance with the Loan Agreement and the Texas Property Code. *See* ECF No. 15.

The Named Defendants' default serves as an admission of Plaintiff's allegations. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. 1998). Based on the uncontested record, Wells Fargo's Complaint establishes that Ms. Gibbs executed a Note in the principal amount of $84,000 and a Security Instrument for the loan, that the Named Defendants have failed or refused to pay the debt evidenced by the Loan Agreement, and that payments under the Loan Agreement have not been made since July 1, 2015. ECF Nos. 54, 54-1.

The Named Defendants have not complied with any court deadlines or participated in the litigation, despite notice of the lawsuit. *See Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc.*, 81 Fed. App'x. 344, 348 (Fed. Cir. 2003) (holding that the district court did not abuse its discretion in entering default judgment where defendant "delayed the proceedings by choosing not to respond to the complaint or the court order."). Based on this procedural history and the efforts expended to date by Wells Fargo in pursuing the debt owed on the Note, Wells Fargo will be prejudiced if default judgment is denied.

Wells Fargo has sufficiently pleaded that the Note was secured by the Property, that the Note is due and owing, and that it seeks to foreclose on the Property under the Deed of Trust. Furthermore, Wells Fargo alleges that it has satisfied the necessary requirements of Texas Property Code § 51.002, which govern a foreclosure sale of real property under a deed of trust. Wells Fargo's Second Amended Motion for Interlocutory Default Judgment and its request for an order authorizing a foreclosure sale of the Property should be granted.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Second Amended Motion for Interlocutory Default Judgment (ECF No. 54) and enter a default judgment granting Plaintiff's requested relief against the Named Defendants.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 5, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE